### F. W. WAKEFIELD BRASS CO. v. MITCHELL MFG. CO., Inc.

#### Civ. No. 50 C 555.

United States District Court
N. D. Illinois, E. D.

Oct. 25, 1950.

---

2. The Board became the successor of the Commission under Reorganization Plan 21 of 1950; 15 F.R. 3178.

3. 46 U.S.C.A. § 830; 28 U.S.C.A. §§ 1336, 1398, 2284, 2321, 2325; 5 U.S.C.A. § 1009.

---

Wallace & Cannon, Chicago, Ill., for plaintiff.

Max Richard Kraus, and Dawson & Ooms, all of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff sues for alleged infringement on Patent No. 1,963,218 for a Lighting Fixture. The patentee describes his invention as "relating to lighting fixtures which can be readily applied to buildings presenting various conditions and without requiring a built-in or embedded placement." It is among the objects of the invention he states to provide a unit form of fixture · capable of being used individually or in assembly with similar units in simple or elaborate geometric arrangement. Another object is the provision of a construction having universal wiring connections adaptable irrespective of the number of units as assembled.

For the accomplishment of the foregoing and related ends the invention comprises a lighting unit having a luminous member in whole or in part of transparent or translucent glass supported by a suitable base plate secured to the wall or ceiling surface. This lighting member "is adapted to assemble, member to member, in various numbers and arrangements, whether in straight line assembly end to end, or in radiating form or in various enclosed rectangular, polygonal or circular arrangement as the fancy of the ultimate consumer may dictate."

At a suitable point in the periphery of the base provision is made for current carrying contact-connections, which may be connected with an outlet box in the wall or ceiling by wires or contact arms. The current carrying members are desirably arranged in such a manner as to be accessible at any one of a number of points. The current carrying points may be made available at any desired point circumferentially and by correspondingly contouring the adjacent surfaces of the unit bases an accurately fitting assembly, disguising the built-up character of the device may be had.

In the mounting of figures of this character, an outlet box being available on the ceiling or wall surface, the contact carrying plates are mounted in relation with the outlet box with the connector and then, in accordance with the number of luminous units to be applied, one or more base plates are brought into relation with the contact blades in position and the base is secured in place. In this manner such number of units as may be desired may be assembled to a common source of current and a correspondingly simple or more extensive fixture layout results without necessitating recourse to elaborate and expensive recessing or special indenture to receive the fixture.

From the description in the patent and the drawings accompanying it as well as the exhibits produced on the trial it appears that the lamp containers may be arranged at almost any angle desired.

Claim 2 of the patent which is the only one on which plaintiff relies as follows:

"2. In connection with a ceiling or wall surface, a plurality of lamp containing units joined together thereon in peripheral relation, and electric connector means joining electrically said units at the periphery at optional angles."

The defendant's device said to infringe consists of square box-like containers, which it terms "modules" that, like any other square boxes, may be placed end to end or side by side to form patterns. In its advertising, plaintiff's Exhibit 3A, it states that these "modules fit together perfectly, end to side, end to end, side to side to form more than 50,000 different lighting patterns." In the same exhibit defendant

prints reproductions of photographs illustrating different arrangements and patterns formed with the "modules" copies of which appear below.

It is the contention of the plaintiff that any device capable of being attached to a wall or ceiling, consisting of a plurality of lamp containing units joined together in peripheral relation and electric connector means joining electrically said units at the periphery in optional angles, as angles of 90°, 180°, or 270°, infringes claim 2. I cannot agree.

What plaintiff invented, what is novel is that his device enables the user to join the lamp containing means *at any desired angle,* such for example 108° or 137° as shown in Figure 4 and 12 of the patent. That apparently is something new in the art, but if the claim is to be construed as covering the defendant's assembling of his box-like modules I think it is anticipated by "Curtis Strip" advertised in the "Lighting Book" in 1930. There too we find a plurality of light containing units adapted to be attached to a wall or ceiling, the units joined together thereon in peripheral relation and having commonly used electric connection means joining electrically said units at the periphery in optional angles, that is the designer has a choice of angles but not, as in the Wakefield patent, a practically unlimited choice. This distinction was made by plaintiff's counsel in the proceedings in the patent office where they stated (File Wrapper p. 18) discussing the Trood patent, that in Trood contact might be made through selected nipples accrued to a ring "but always at a point determined thereby, and not at a freely chosen angle." And again (File Wrapper p. 19) discussing the Mallory patent, he says that "the assembly thereof must always be on definite 180° or 90° or even angle relations. Applicant's construction makes possible an assembly without restriction to definite angles." Further (File Wrapper p. 31) counsel say "it being merely necessary to oppose the units in whatever angular relation is desired, to make up an almost endless variety of configuration."

The possibility of practically unlimited choice of angles is the distinguishing and only novel feature of the patent and the only thing that distinguishes it from Curtis Strip. This feature is not infringed by defendant's use of its modules.