# F. W. WAKEFIELD BRASS CO. v. MITCHELL MFG. CO., Inc.

## No. 10313.

United States Court of Appeals
Seventh Circuit.

Sept. 28, 1951.

John F. Oberlin, Oberlin & Limbach, Cleveland, Ohio, Charles B. Cannon, Wallace & Cannon, Chicago, Ill., for appellant.

Max R. Kraus, Nathan N. Kraus, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Its suit for infringement of Claim 2 of Patent 1,963,218, June 19, 1934, to Wakefield, having resulted in a judgment dismissing the cause, plaintiff prosecutes this appeal. The District Court's decision, 94 F.Supp. 650, explains the essential facts

and principles of law involved. What is said there need not be repeated here.

The trial court determined that the claim is not infringed; that if interpreted as plaintiff construes it, it is invalid and that plaintiff, by virtue of file wrapper estoppel, may not properly assert infringement here. Plaintiff urges that the court erred in each of these respects and in holding that the possibility of practically unlimited choice of angles in assembling electrically connected lamp containing units is the only novel feature of the patent.

The court made no hard and fast determination of invalidity of the claim but did find that, as construed by plaintiff, it is invalid. Despite the failure to follow the ordinarily preferred procedure of first deciding the issue of validity, when both invalidity and noninfringement are asserted as defenses, as the Supreme Court, in Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644, and this court, in Holland v. American Steel Foundries, 7 Cir., 190 F.2d 39 have suggested, we think it unnecessary to remand for further consideration of the issue of validity. Inasmuch as the finding that the claim as construed by plaintiff is invalid, and those of file wrapper estoppel and noninfringement present the issues sufficiently for final determination of the correctness of the disposition made below, we prefer to dispose of each contention upon appeal upon the merits.

■ We are of the opinion that the trial court rightfully held that the claim, if construed as plaintiff insists it should be, is invalid. The combination embraces a ceiling or wall surface, a plurality of lamp containing units joined together at their edges, termed by the patentee as in "peripheral relation," and an electric connecting means permitting joining the units electrically singly or in series at "optional angles." Obviously any fixture must be attached to a base such as a ceiling or wall. Equally obviously lamp containing units include all transparent or translucent luminous containers in which electric bulbs are placed, and, manifestly, electric connections are necessary in each unit in order that current pass through each and light up the bulb

within. All such elements are old. But plaintiff asserts that, by so designing the electric connector that it will connect with each of the luminous units directly and, by inner-connection, with the several units as they are extended in series, the patentee has created something new and novel, inasmuch as the units connected to it may be so disposed or so arranged as to form different geometric designs. As plaintiff construes the claim, it applies to any series of containers arranged in line with one another or at right angles to each other, such as defendant's assembly. Upon examination of the prior art, however, it seems clear that the suggestion of such possible multiple arrangements offered nothing new, nothing novel, but that any skilled electrician would realize that he could by simple arrangement in straight lines or at right angles, construct rows and cross rows of connected luminous units.

We shall not discuss in detail the prior art references; it is sufficient to say that if they do not anticipate, they do disclose a state of the art such that any delver therein would at once realize that he could achieve what plaintiff says the patentee achieved when it asserts that the claim covers a series of rectangular boxes placed end to end or at right angles to each other. This status is demonstrated by the references before the Patent Office and those before the trial court. They include McAllister 672,489, 1901; Brewster 703,984, 1902; Spencer 740,196, 1903; O'Brien 974,090, 1901; Johnson 1,035,594, 1912; Trood 1,062,619, 1913; Moore 1,507,195, 1924; Mallory 1,507,496, 1924, and various other patents and other prior art references submitted to the District Court. We do not mean to say that the prior art completely anticipated Wakefield, but it is clear that the only difference in the claim as plaintiff construes it and the prior art is that for one continuous holder of connected multiple lights he substituted separate units connected electrically. It would seem perfectly obvious that instead of building an electrical arrangement as an entity before installing it, to build it separately section by section as installed is far from invention. In other words the status of the

electrical art, at the time when Wakefield made known his claim, was such that an electrician had the choice of designing a continuous fixed relationship in one multiple unit completed before installation or of installing separate units so as to produce a completed setup upon completion of the installation. To such a choice, we repeat, invention can not be attributed. It is well within the line of patents condemned by the Supreme Court, which, in Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 130, said: "A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

We think it clear that had the patentee contended in the Patent Office for a construction such as plaintiff now proposes, the claim would not have been allowed. Thus we find that Claim 2 had its origin in Claim 19, which was rejected by the Patent Office on the authority of the patent to Mallory. The applicant amended and again the claim was rejected. It then became Claim 30 which eventually became Claim 2 now in suit. In urging each and all of the claims which eventually resulted in the one in suit, Wakefield insisted that his device was to be distinguished from the art cited in that it allowed the lamp containers to be placed "at a freely chosen angle" "within restriction in even-angle relations"; that Mallory differed because his assembly was always necessarily on a definite "180° or 90° even-angle relation"; that applicant's construction permitted an assembly "without restriction to definite set angles" but with "versatility of assembliable grouping"; that his construction permitted "optional angles" and connection of the units "at any circumferential point" of the connector. It follows that that had the patentee not asserted novelty based upon his suggested possibility of connection at any angle, the claim would not have been allowed over Mallory and that Wakefield succeeded because his only assertion to novelty in this respect, as the trial court found, was in the possibility of assembly at any optional angle. We approve the court's finding that upon his file-wrapper record, plaintiff was estopped to claim otherwise in court.

Whether by his unique circular electrical connector Wakefield achieved patentable invention was not decided by the District Court and is not before us. Nor is decision of that issue necessary, for if the claim can not properly be construed as plaintiff claims it should be but can be sustained as valid because of novelty in providing a connector which permits attachment of units at unlimited varied angles, then obviously there is no infringement, for defendant does not employ the circular variable connector of Wakefield, but rather an historically old direct wire connection which does not permit assembly at "optional angles" but connects rectangular or square containers only in straight lines or at right angles to each other.

The judgment is affirmed.